IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., | ) | CIVIL NO. 09-00309 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WANDA SHELTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART MOTION FOR REMAND BY KAISER HEALTH FOUNDATION
PLAN,INC. INCORRECTLY NAMED AS "PETITIONER-MOVANT"**

Before this Court is the Motion for Remand by Kaiser Foundation Health Plan, Inc.'s ("Kaiser") Incorrectly Named as "Petitioner Movant" Herein ("Motion"), filed on July 13, 2009. Respondent Wanda Shelton ("Shelton") filed a memorandum in opposition on July 27, 2009, and Kaiser filed its reply on August 10, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d)of the Local Rules of Practice of the United States District Court for the District of Hawai'i.  Upon careful consideration of the Motion and supporting and opposing memoranda, and relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Kaiser's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

This case arises from Shelton's demand for arbitration against Kaiser in connection with a denial of medical benefits pursuant to Kaiser's Group Medical and Hospital Service Agreement ("Kaiser Plan"). [Notice of Removal, Exh. B (Letter dated December 11, 2008 from Rafael Castillo, Esq. to Kaiser) to Exh. 2 (dkt. no. 1).] Shelton sought reimbursement of $19,436.73 on the basis that insurance coverage for her claim was mandated under Hawaii Revised Statutes section 432:1-604, which requires medical insurance coverage for in-vitro fertilization procedures. [Id.]

On January 12, 2009, Kaiser submitted Shelton's demand for arbitration to Dispute Prevention & Resolution, Inc. ("DPR"). [Id., Exh. B (Letter dated January 12, 2009 from Dianne Brookins, Esq. to DPR) to  Exh. 2).] Kaiser's submittal also asserted counterclaims against Shelton. Among other things, Kaiser sought the recovery of attorneys' fees and costs it previously paid to Shelton pursuant to proceedings before the Hawaii State Insurance Commissioner. [Id.] Kaiser contended that it was entitled to recovery because the order awarding Shelton her attorneys' fees and costs was vacated by the Hawaii Supreme Court on the basis that the Insurance Commissioner lacked jurisdiction over the review of Shelton's claim for medical coverage. [Id.]

On January 27, 2009, Shelton commenced Special Proceeding Civil No. 09-1-0025 BIA in the Circuit Court of the First Circuit, State of Hawaii ("SP Case") when she filed her

Motion for Order Declaring Respondent's Arbitration Claim for
Reimbursement of HRS § 432E-6(e)[1] Award Not Referable to
Arbitration or Striking Said Claim ("Shelton's SP Motion").
[Id., Exh. C (Order Denying SP Motion) to Exh. 2.]  The caption
of the SP Case referenced Shelton as the "Petitioner" and Kaiser
as the "Respondent".  [Id.]  Shelton's SP Motion sought a
determination by the circuit court that Kaiser's counterclaim for
the recovery of attorneys' fees and costs awarded by the
Insurance Commissioner in the vacated proceedings was not subject
to the arbitration.

On March 16, 2009, the circuit court filed its order
denying Shelton's SP Motion ("SP Order").  [Id., Exh C to Exh.
2.]  The circuit court found as follows:

> (1) There is a strong public policy in the State
> of Hawaii favoring arbitration over litigation;
> (2) There is no dispute that an agreement to
> arbitrate exists in this case; and
> (3) The dispute at issue on the Motion arises out
> of circumstances related to the claim pending in
> the arbitration proceeding, and so is arbitrable
> along with that claim.

[Id.]  The SP Order additionally ordered that "pursuant to HRS §
6568A-7(b) [sic], Petitioner is ordered to arbitrate the dispute

---

[1] Hawaii Revised Statutes section 432E-6(e) allows for an
award of attorney's fees and costs by the Insurance Commissioner
in connection with an external review of a managed care plan's
internal determination of a medical benefits claim.

at issue."[2]  [Id.]

        Shelton filed a notice of appeal of the SP Order to the
Intermediate Court of Appeals for Hawaii ("ICA Appeal"), and a
motion to stay the SP Order with the circuit court ("Stay
Motion").  On May 5, 2009, Kaiser filed a motion to dismiss the
ICA Appeal arguing that the ICA lacked appellate jurisdiction to
hear the ICA Appeal.  On May 7, 2009, the circuit court issued a
minute order denying the Stay Motion finding that there was no
legal basis to stay the arbitration proceedings.  [Id., Exh. D to
Exh. 2.]

        On June 23, 2009, the ICA granted Kaiser's motion to
dismiss Shelton's appeal of the SP Order.  [Mem. in Opp., Exh. A
(Order Granting May 5, 2009 Motion to Dismiss Appeal).]  The ICA
found that the SP Order was not an appealable order because
Hawaii Revised Statutes section 658A-28(a)(1) only authorizes an
appeal from an order denying a motion to compel arbitration and
not an order granting a motion to compel arbitration.  Therefore,
because the SP Order compelled arbitration, it was not

_____

        [2] Hawaii Revised Statutes section 658A-7(b) provides:

                On a motion of a person alleging that an
                arbitration proceeding has been initiated or
                threatened but that there is no agreement to
                arbitrate, the court shall proceed summarily to
                decide the issue.  If the court finds that there
                is an enforceable agreement to arbitrate, it shall
                order the parties to arbitrate.

Haw. Rev. Stat. § 658A-7(b).

4

appealable.  [Id.]  Moreover, the ICA also found that the SP
Order was not appealable on the basis that it was not a final
order under Hawaii Revised Statutes section 641-1(a).  The
circuit court had yet to enter an order disposing of all of the
claims in the case.  [Id.]  Nor did the SP Order fit within any
of the exceptions to the final order requirement set forth in
Forgay v. Conrad, 47 U.S. 201 (1848) or the collateral order
doctrine.  [Id.]  Finally, the ICA noted that the circuit court
had not certified the SP Order for an interlocutory appeal under
Hawaii Revised Statutes section 641-1(b).  [Id.]

       During the time after the denial of the Stay Motion,
Kaiser and Shelton attempted to agree on the terms of the
arbitration agreement with DPR ("Arbitration Agreement").  As
part of the Arbitration Agreement, DPR requested deposits from
both Kaiser and Shelton in the amount of $5,500 each to cover the
costs of the anticipated arbitration proceedings.  [Notice, Exh.
G to Exh.2.]  Shelton's counsel did not believe that the amount
of the requested deposit was commensurate with the amount of the
claim that Shelton was pursuing in the arbitration proceedings
and requested that DPR reduce the amount.  [Id.]  Shelton's
counsel also objected on the basis that Shelton should not be
required to pay any of the arbitrator's fees at all.  [Id., Exh.
H to Exh. 2.]  The parties attempted to negotiate language in the
Arbitration Agreement that would preserve Shelton's objections

but were unable to come to any agreement. [<u>Id.</u>, Exhs. J-O to Exh. 2.] Thereafter, DPR notified the parties that it was placing their requested arbitration in abeyance pending further direction by them or the circuit court. [<u>Id.</u>, Exh. P to Exh. 2.]

On July 1, 2009, Shelton filed a complaint against Kaiser and DPR for declaratory and injunctive relief in the United States District Court, District of Hawaii ("Dec. Complaint"). [<u>Id.</u>, Exh. 1 (Complaint for Declaratory and Injunctive Relief CV 09-00302 JMS-BMK).] In the Dec. Complaint, Shelton seeks a declaration that: (I) her statutory right to attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") are nonwaivable and any provision in the Arbitration Agreement limiting such rights is unenforceable, (ii) allocation of arbitration fees to Shelton set forth in the Arbitration Agreement is barred under <u>Ingle v. Circuit City Stores, Inc.</u>, 328 F.3d 1165 (9th Cir. 2003) and other Ninth Circuit precedent, and (iii) the arbitration clause in the Kaiser Plan requiring Shelton to arbitrate her claim against Kaiser is unenforceable because it denies Shelton her statutory right to seek attorney's fees and costs under ERISA. [<u>Id.</u>] The Dec. Complaint was served on Kaiser and DPR on July 1, 2009. [<u>Id.</u>]

On July 2, 2009, Kaiser filed a Motion to Compel Arbitration in the SP Case ("Kaiser's SP Motion"). [<u>Id.</u>, Exh.

2.]   A hearing on Kaiser's SP Motion was set for July 21, 2009.
Kaiser requested that the circuit court compel Shelton to
participate in the arbitration proceedings she had commenced.
Kaiser argued that despite its efforts to craft an arbitration
agreement with DPR that would preserve Shelton's objections
regarding the payment of arbitration fees and other rights in the
arbitration, Shelton failed and refused to execute the agreement
with DPR.  [Id.]  Instead, Shelton filed a motion with the
arbitrators to continue the arbitration proceedings in order to
pursue litigation against Kaiser in federal court.  [Id.]

On July 7, 2009, Shelton filed the instant Notice of
Removal.  Shelton invokes the removal jurisdiction of the
district court pursuant to 28 U.S.C. sections 1331 and 1441(a).
[Notice at ¶ 1.]  Shelton asserts that the district court has
exclusive jurisdiction over the Dec. Complaint, brought under
ERISA, 29 U.S.C. section 1132(a).  [Id. at ¶¶ 2-5.]  By virtue of
the district court's jurisdiction over the Dec. Complaint,
Shelton is apparently asserting that the district court has
jurisdiction over Kaiser's SP Motion as well.

In the instant Motion, Kaiser argues that Shelton is
not a "defendant", as required by 28 U.S.C. section 1441(a), and
cannot "unilaterally" realign the parties to the state court
proceeding in order to invoke the jurisdiction of this Court.
Moreover, the circuit court, in which an initial motion is

brought pursuant to Hawaii Revised Statutes section 658A-5,
retains jurisdiction over the parties until the arbitration is
concluded.[3]  Kaiser also argues that this Court lacks subject
matter jurisdiction over Kaiser's SP Motion because it does not
concern a federal question.  Kaiser's SP Motion is simply
requesting the state circuit court to compel arbitration based on
Hawaii Revised Statutes Chapter 658 and the SP Order that
previously ordered the parties to arbitrate.  Kaiser also
requests an award of attorneys' fees and costs incurred as a
result of this removal action.

In her opposition, Shelton contends that the instant
Motion is moot based on Kaiser's recently filed Motion to Dismiss
the Dec. Complaint.  Relying on the "first-filed" rule, Shelton
argues that remanding this case back to state court, prior to a
determination of the Motion to Dismiss, would create a
substantial and unnecessary risk of inconsistent results.
Shelton also argues that the district court has exclusive
jurisdiction over Kaiser's SP Motion because Shelton's medical
claim is governed by ERISA.  Finally, Shelton argues that if

---

[3] The Court notes that the caption of the Notice indicates
Kaiser as the "Petitioner-Movant" and Shelton as the
"Respondent", opposite of how the parties are reflected in the SP
Case, and in particular, on the caption of Kaiser's SP Motion.
However, the Court does not address Kaiser's argument that
Shelton manipulated the caption to satisfy the "defendant"
requirement in 28 U.S.C. section 1441(a) as it finds, *infra*, that
federal question jurisdiction is absent in this case.

8

remand is granted, Kaiser is not entitled to sanctions because she had an objectively reasonable basis for seeking removal of Kaiser's SP Motion to district court.

On August 10, 2009, Kaiser filed its reply memorandum in support of the Motion.  Kaiser indicates that the hearing on Kaiser's SP Motion was held on July 21, 2009 and that the state circuit court granted Kaiser's motion and ordered Shelton to execute the Arbitration Agreement.[4]  [Reply Memo. in Supp. of Motion, Exh. J (Order Granting Respondents Motion to Compel Arbitration File July 2, 2009).]

## DISCUSSION

Under 28 U.S.C. § 1447(c), a party may bring a motion to remand to challenge removal of an action from state court to federal court.  A state court defendant's removal of an action to federal court is proper under 28 U.S.C. § 1441(a) as long as the action could have originally been filed in federal court. Section 1441 is, however, strictly construed against removal. See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712

---

[4] Kaiser states that the state circuit court proceeded to hear Kaiser's SP Motion on the basis that Shelton's Notice of Filing Notice of Removal, filed with the circuit court on July 6, 2009, was defective and did not divest it of jurisdiction to hear Kaiser's SP Motion.  [Reply Memo. in Supp. of Motion, Decl. Of Dianne Brookins, Esq. at ¶¶ 2-4.]  In response to the circuit court's order, Shelton has filed a Petition for Writ of Mandamus and Prohibition with the Hawaii State Supreme Court. [Declaration of Rafael Del Castillo on the Extraordinary Status of this Removed Case in State Court, filed August 10, 2009 (dkt. no. 15).]

n.3 (9th Cir. 1990).  The party seeking to remove the case bears
the burden of establishing the propriety of removal and the
existence of federal jurisdiction.  See Westinghouse Elec. Corp.
v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993);
Nishimoto, 903 F.2d at 712 n.3.  Courts resolve any doubts about
removal in favor of remanding the case to state court.  See
Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)
("[F]ederal jurisdiction 'must be rejected if there is any doubt
as to the right of removal in the first instance.'" (quoting Gaus
v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992))).

**I.   Federal Question Jurisdiction**

        In her Notice of Removal, Shelton contends that the
Federal Court has federal question jurisdiction.  Courts
determine whether a federal question exists based on the
"well-pleaded complaint rule, which provides that federal
jurisdiction exists only when a federal question is presented on
the face of the plaintiff's properly pleaded complaint." Rivet
v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citations and
internal quotation marks omitted).  A defense is not part of the
plaintiff's well pleaded complaint.  See id.  A defendant
therefore cannot premise removal based on federal question
jurisdiction upon a federal defense, "even if the defense is
anticipated in the plaintiff's complaint, and even if both
parties admit that the defense is the only question truly at

10

issue in the case." Id. (citation and quotation marks omitted).
A plaintiff, however, cannot avoid removal by failing to plead
necessary federal questions.  A federal court may uphold removal,
even where there is no federal question on the face of the
complaint, if it concludes that the plaintiff has artfully
pleaded his claims in this manner.  See id.

        Kaiser's SP Motion is based upon state law; there are
no federal law claims.  Kaiser moved the state circuit court to
compel Shelton to arbitrate her medical coverage claim pursuant
to Hawaii's Uniform Revised Arbitration Act, Hawaii Revised
Statutes Chapter 658A.  Moreover, Shelton specifically invoked
the jurisdiction of the state circuit court under Hawaii Revised
Statutes Chapter 658A when she filed her SP Motion seeking a
determination that the award of attorneys' fees in prior
proceedings were not arbitrable in the arbitration proceedings
that she instituted.  The state circuit court denied Shelton's SP
Motion finding that the issue was arbitrable and ordered the
parties to arbitrate.  The state circuit court further found that
the parties did not dispute that there was a valid agreement to
arbitrate.  Accordingly, federal question jurisdiction over
Kaiser's SP Motion is lacking.

        Shelton argues that a federal question is imposed on
the basis that her right to seek attorneys' fees and costs under
29 U.S.C. section 1132(g) will be infringed if she is required to

11

execute the Arbitration Agreement.  [Notice of Removal, Exh. 1 at ¶¶ 41-43.]  The Ninth Circuit, however, has squarely rejected such a proposition:

> A request for attorney's fees cannot be a basis for federal jurisdiction. Section 502(g)(1) is a classic fee-shifting provision, similar to that invoked in cases brought under 42 U.S.C. § 1983. We have previously held that fee shifting provisions cannot themselves confer subject matter jurisdiction that is otherwise absent.

Carter v. Health Net of California, Inc., 374 F.3d 830, 834 (9th Cir. 2004) (internal citations, quotation and quotation marks omitted).  The valid exercise of federal jurisdiction must arise from the substantive claim made in the state action.  Id.  Here, it cannot, because Kaiser's SP Motion is based on state law.  Id. Therefore, even if Shelton is somehow entitled to attorneys' fees pursuant to 29 U.S.C. section 1132(g), that by itself is insufficient to confer federal jurisdiction over Kaiser's SP Motion.  See id.; In re Knight, 207 F.3d 1115, 1117, 1119 (9th Cir. 2000) (holding that the district court lacked authority to award attorneys' fees under ERISA section 501(g) where it did not have subject matter jurisdiction over the underlying matter).

Shelton also argues that a federal question is raised because the Arbitration Agreement unlawfully allocates to her one-half of the cost of the arbitration fees.  [Notice of Removal, Exh. 1 at ¶¶ 44-45.]  Shelton does not provide any authority for this argument in her memorandum in opposition to

12

the Motion but is apparently relying on Ingle v. Circuit City
Stores, Inc., 328 F.3d 1165 (9th Cir. 2003) which she cites in
the Dec. Complaint.  That case is distinguishable and does not
support Shelton's position.  In Ingle, the Ninth Circuit
examined, among other things, whether a cost sharing provision in
an arbitration agreement was unconscionable and therefore
unenforceable under California law.  328 F.3d at 1177-78.  The
Ingle court did not address, as here, whether federal
jurisdiction could be based on a defense that a cost sharing
provision in an arbitration agreement violated ERISA.[5]

        Indeed, when the Ninth Circuit examined this issue, it
found that cost sharing provisions in arbitration agreements do
not violate ERISA.  Graphic Communications Union, Dist. Council
No. 2, AFL-CIO v. GCIU-Employer Retirement Ben. Plan, 917 F.2d
1184, 1188-89 (9th Cir. 1990).  The court reasoned that "such a
cost-bearing provision seems no more burdensome than a court
filing fee or than ERISA's statutory provision authorizing a
court to award costs and attorney's fees against one party."  Id.
at 1189.  Here, federal question jurisdiction cannot be sustained
based on Shelton's claim that the cost sharing provision in the
Arbitration Agreement violates ERISA.

_____

        [5] The Court notes that Shelton's right to object to any cost
sharing of the arbitration fees or that each party bear their own
attorneys' fees is expressly reserved in the Arbitration
Agreement. [Reply Memo. in Supp. of Motion, Exh. J.]

13

Shelton's removal of the instant case was therefore
improper under section 1441(a).  This Court finds that the
federal court lacks jurisdiction and recommends that the district
court remand the case to the First Circuit Court.  <u>See</u> 28 U.S.C.
§ 1447(c).

## II.  **"First to File" Rule**

Shelton alternatively argues that the Court should not
remand this action pursuant to the "first to file" rule because
she filed the Dec. Complaint prior to Kaiser's SP Motion.[6]
"There is a generally recognized doctrine of federal comity which
permits a district court to decline jurisdiction over an action
when a complaint involving the same parties and issues has
already been filed in another district."  <u>Pacesetter Systems,
Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (9th Cir. 1982).
This rule is applied when "two identical actions are filed in
courts of concurrent jurisdiction, and the court which first
acquired jurisdiction should try the lawsuit and no purpose would
be served by proceeding with a second action."  <u>Id.</u> at 95.

---

[6] As an initial matter, the Court notes that the time of
notice and filing of Kaiser's SP Motion is disputed.  Shelton
asserts that she first filed and served the Dec. Complaint on
July 1, 2009 and that Kaiser's SP Motion was subsequently filed
and served after that on July 2, 2009.  [Notice of Removal at ¶
6.]  Kaiser, however, notes that its SP Motion was delivered to
the circuit court on July 1, 2009, prior to Kaiser being provided
a copy of the Dec. Complaint, but that the filing was delayed by
one day because the notice of hearing page was missing.  [Mem. in
Supp. of Motion at 5 n.2.]

Shelton's reliance on the "first to file" rule is misplaced.  As indicated in Medtronic, this rule does not contemplate application as between a state court and a federal court.  Instead, this rule is applicable as between two federal district courts to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  Church of Scientology of California v. U.S. Dept. of Army, 611 F.2d 738, 750 (9th Cir. 1979).  In any event, there is no concurrent jurisdiction as between the state circuit court and the federal district court over this action.  As discussed above, federal question jurisdiction is lacking over Kaiser's SP Motion.

The doctrine of federal comity, if anything, points to remanding this action to the state circuit court.  Shelton commenced arbitration and then initiated this case in state circuit court by seeking a determination of the arbitrability of the attorneys' fees issue; and, the circuit court and the Hawaii Intermediate Court of Appeals have both issued prior orders in this case that require Shelton to arbitrate her claims under Hawaii Revised Statutes Chapter 658A.  Simply put, the state circuit court was the "first" to exercise its proper jurisdiction over this case and the intervention by the district court at this time would undoubtedly lead to potentially inconsistent results and judicial inefficiency, contrary to the purpose of the "first to file" rule.  Therefore, the "first to file" rule is

inapplicable to this case.

III.  **Entitlement to Removal Expenses**

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704, 711 (2005) (citations omitted).

Kaiser requests an award of attorneys' fees and costs incurred as a result of this removal and its remand efforts. While the Court has serious questions regarding the bases stated in the Notice of Removal, it declines to find that Shelton had no objectively reasonable basis to remove Kaiser's SP Motion and therefore recommends that Kaiser's request for attorneys' fees and costs be DENIED.

<u>CONCLUSION</u>

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Kaiser's Motion for Remand, filed on July 13, 2009, be GRANTED IN PART AND DENIED IN PART.

IT IS SO FOUND AND RECOMMENDED.

16

DATED AT HONOLULU, HAWAII, August 25, 2009.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

**KAISER FOUNDATION HEALTH PLAN, INC. V. WANDA SHELTON; CIVIL NO.
09-00309 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART MOTION FOR REMAND BY KAISER HEALTH FOUNDATION
PLAN, INC. INCORRECTLY NAMED AS "PETITIONER-MOVANT"**